IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

CHRYSTAL LYNN RIFE                                                    PLAINTIFF

vs.                                    Civil No. 1:20-cv-01030

COMMISSIONER, SOCIAL                                           DEFENDANT
SECURITY ADMINISTRATION

## MEMORANDUM OPINION

Chrystal Lynn Rife ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the

Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final

decision of the Commissioner of the Social Security Administration ("SSA") denying her

applications for a period of disability, Disability Insured Benefits ("DIB"), and Supplemental

Security Income ("SSI") under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all

proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and

conducting all post-judgment proceedings.   ECF No. 6.[1]  Pursuant to this authority, the Court

issues this memorandum opinion and orders the entry of a final judgment in this matter.

1. **Background:**

Plaintiff protectively filed her disability applications on May 1, 2017 (DIB) and on May

11, 2017 (SSI).  (Tr. 10).  In both applications, Plaintiff alleges being disabled due to COPD,

cirrhosis, chronic back pain, scoliosis, chronic migraines, osteoarthritis, chronic widespread joint

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___"  The transcript pages
for this case are referenced by the designation "Tr" and refer to the document filed at ECF No. 12.  These
references are to the page number of the transcript itself not the ECF page number.

pain, carpal tunnel syndrome, and fluid retention. (Tr. 233). Plaintiff alleges an onset date of May 1, 2016. (Tr. 10). These applications were denied initially and again upon reconsideration. (Tr. 46-109).

On June 20, 2019, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's applications. (Tr. 7-23). The ALJ determined Plaintiff met the insured status requirements of the Act through September 30, 2021. (Tr. 12, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since May 1, 2016, her alleged onset date. (Tr. 12, Finding 2). The ALJ determined Plaintiff had the following severe impairments: degenerative disc disease, gastritis, duodenitis, irritable bowel syndrome, and carpal tunnel syndrome. (Tr. 12-13, Finding 3). Despite being severe, the ALJ also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 13-14, Finding 4).

In his decision, the ALJ evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC"). Specifically, the ALJ found Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can lift and carry 20 pounds occasionally and 10 pounds frequently. The claimant can sit for six hours during an eight-hour day. The claimant can perform frequent, but not constant handling and fingering.

*Id.*

The ALJ found Plaintiff was forty-nine (49) years old, which is defined as a "younger individual" under 20 C.F.R. § 404.1563(c) and 20 C.F.R. § 416.963(c), on her alleged disability

onset date.  (Tr. 17, Finding 7).  The ALJ determined Plaintiff has at least a high school education and was able to communicate in English.  (Tr. 17, Finding 8).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff was unable to perform any PRW.  (Tr. 16-17, Finding 6).  The ALJ then considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy.  (Tr. 17-18, Finding 10).  Plaintiff and the VE testified at the administrative hearing regarding this issue. *Id.*  Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform work as a housekeeper (light, unskilled) with approximately 139,000 such positions nationally and cafeteria attendant (light, unskilled) with approximately 66,000 such positions nationally.  *Id.* Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from May 1, 2016 through the date of his decision or through June 25, 2019.  (Tr. 18, Finding 11).

Plaintiff requested the Appeals Council's review of the ALJ unfavorable disability determination.  On May 4, 2020, the Appeals Council declined to review the ALJ's disability determination.  (Tr. 1-6).  On July 2, 2020, Plaintiff filed the present appeal.  ECF No. 1.  The Parties consented to the jurisdiction of this Court on July 13, 2020.  ECF No. 6.  This case is now ready for decision.

## 2.    **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than

a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3)

4

whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.**     **Discussion:**

In her appeal brief, Plaintiff raises the following issue for reversal: the ALJ erred in assessing her RFC and the opinions of her treating nurse practitioner.  ECF No. 19 at 1-13.  Upon review, the Court finds Plaintiff's claim is merited.  Because this is the only issue Plaintiff raised, this is the only issue the Court will address.

On January 18, 2017, the SSA adopted new rules which, for claims filed after March 27, 2017, modify the "treating physician" rule.  Because this claim was filed on May 1, 2017, this new rule applies here, and the ALJ must consider factors such as the supportability of the opinion, the consistency of the opinion, relationship to the claimant to the treating source, and specialization of the treating source.  *See* 20 C.F.R. §§ 404.1520c(c) and 416.920c(c).  Under these new regulations, the SSA "will consider" these factors.  *See id.*

In his decision, the ALJ evaluated the opinions of Plaintiff's treating source, Lynn Frazier, APN, as follows:

> Lynn Fraizer, APN, opined that the claimant could perform light work with additional manipulative limitations and that she would need to elevate her legs

5

above her waist (Exhibit 3F).  The undersigned has considered this opinion and finds it to be persuasive to the extent that the claimant can perform light work with manipulative limitations, as this is supported by and consistent with the medical evidence of records, as discussed below.  *However, the medical evidence of record, which shows a generally normal gait, range of motion, normal strength, negative straight leg raises, and normal sensation, do not support and is not consistent with the need for the claimant to elevate her legs (Hearing; Exhibit 2F/22; 4F/7/15; 5F/21/22/35/45/51/81;  6F;  7F/6/7/11/14/19;  9F/5/7/15/24;  10F;  11F/25/37/52; 12F/6; 13F/7; 14F/27/49; 16F/9/14/18/19/29/43/54).*

(Tr. 16) (emphasis added).  Indeed, apart from a "string cite" with a number of different medical records summarily referenced, the ALJ did not evaluate any of the required factors that the ALJ is required to consider.  Accordingly, the Court cannot find the ALJ properly considered the opinions of this treating source as required by the social security regulations.

**4.**   **Conclusion:**

Based on the foregoing, the undersigned finds the ALJ's RFC determination is not supported by substantial evidence in the record.  As such, this case is reversed and remanded for further findings consistent with this opinion.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 14th day of May 2021.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE