IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

CHRYSTAL LYNN RIFE                                                                                    PLAINTIFF

vs.                                            Civil No. 1:20-cv-01030

COMMISSIONER, SOCIAL                                                                              DEFENDANT
SECURITY ADMINISTRATION

**ORDER**

Before the Court is Defendant's Motion to Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e). ECF No. 23. With this Motion, Defendant seeks two specific revisions to the Court's Memorandum Opinion entered on May 14, 2021. The Court will address both of those concerns here; and as outlined in further detail below, the Court will deny the request.

First, Defendant seeks to change the word "modify" to "abolish" on Page 5 of the Memorandum Opinion when referencing the "treating physician rule." Defendant claims the Court's use of the word "modify" is "contrary to federal regulations." While the Court could have chosen to use the word "abolish" in the Memorandum Opinion as Defendant suggests, such a choice would have been imprecise and improper. Rather, the change in the "treating physician rule" actually modified the manner in which the Commissioner would evaluate any medical evidence from a "treating physician." The reality is that there is *still* a standard for evaluating evidence from a medical source, treating or otherwise. *See Dany Z. v. Saul,* 2:19-cv-0217, ECF No. 17 at 22 (D. Vt. Mar. 31, 2021) (characterizing the rule change as a "revision" of the medical source regulations).

The new regulation is properly interpreted as being a modification under 20 C.F.R. §§ 404.1520c(c) and 416.920c(c) or there is *no standard* for evaluating any medical source evidence, treating or otherwise. Certainly, Defendant cannot be suggesting there is no standard for

1

evaluating evidence from any medical source, treating or otherwise. The Court's use of "modify" was not "contrary to federal regulations" as Defendant suggests. The Court specifically chose that word to explain this rule change, and there is absolutely no basis for adjusting that usage. Defendant's request in this regard is denied.

Second, Defendant requests the Memorandum Opinion be altered because it "indicates that the ALJ must articulate consideration of all the factors found at 20 C.F.R. § 404.1520c(c) (1)-(5)." ECF No 24 at 2. In this Memorandum Opinion, the Court did not paraphrase or alter in any way the regulation. The Court directly quoted the regulation: the SSA **"will consider** the following factors when we consider the medical opinion." ECF No. 19 at 5.

In no part of the Court's Memorandum Opinion was there any statement of a requirement of "articulation." It is troubling to the Court that Defendant claims the Memorandum Opinion "require[s] the ALJ to articulate and explain in the decision any factors other than supportability and consistency." ECF No. 24 at 2. This is a gross misstatement of the actual Memorandum Opinion's findings. As Plaintiff points out in her response, "Magistrate Judge Bryant never indicated that any factors must be 'articulated.'" ECF No. 25 at 2. Defendant's second request is denied.

**IT IS ORDERED**, the Defendant's Motion to Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e), (ECF No. 23) is in all respects **DENIED**.

**ENTERED this 17th day of June 2021.**

> /s/ *Barry A. Bryant*
> HON. BARRY A. BRYANT
> UNITED STATES MAGISTRATE JUDGE